**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                                            Case No.: 8:05-CR-405-T-17EAJ

**ORACIN WATSON FILSAIME.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Defendant's **Application to Proceed Without Prepayment of Fees**, which the court construes as a motion for leave to appeal in forma pauperis (Dkt. 46).[1] For the reasons explained below, it is recommended that Defendant's motion be denied.

On April 21, 2006, Defendant was sentenced to 120 months imprisonment for possession with intent to distribute fifty or more grams of cocaine base. Although Defendant faced a United States Sentencing Guidelines ("Guidelines") range of 120 to 135 months imprisonment (Dkt. 26 at 2), Defendant was subject to a statutory mandatory minimum sentence of 120 months pursuant 21 U.S.C. § 841(b)(1)(A).

In January 2009, the court entered an order appointing counsel for Defendant and requiring responses from the United States Probation Office, the Government, and Defendant on the issue of whether Defendant was eligible for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Guidelines, which reduced the offense levels for cocaine base. The court determined that Defendant was not eligible for a sentence reduction as Amendment 706 did not apply to reduce sentences rendered pursuant to the statutory minimum. See United States v. Williams, 549 F.3d 1337, 1339-40 (11th Cir. 2008) (per curiam). Defendant appealed, and in April

---

[1] The District Judge has referred the motion to the undersigned for a report and recommendation (Dkt. 46).

2010, the Eleventh Circuit affirmed the district court's denial of Defendant's request for a sentence reduction.

On November 8, 2011, Defendant filed a pro se motion again requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The court denied Defendant's motion as the imposition of the statutory mandatory minimum sentence prevents the reduction of Defendant's sentence. Defendant seeks leave to appeal that denial in forma pauperis.

Defendant requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Guidelines Amendment 750. Defendant also argues that continuing to enforce the 100:1 powder-to-base ratio contained in the statute under which he was sentenced violates the Equal Protection and Due Process Clauses of the United States Constitution.

As Defendant was sentenced subject to the statutory mandatory minimum sentence, a sentence reduction based on Guidelines Amendment 750 is not authorized under 18 U.S.C. § 3582(c)(2). See, e.g., United States v. Scott, No. 6:05–CR–00015–2, 2011 WL 6257514, at *1 (W.D. Va. Dec. 15, 2011); United States v. Ward, No. 04–60158–CR, 2011 WL 6178832, at *1 (S.D. Fla. Dec. 12, 2011). To the extent that Defendant is raising for the first time constitutional challenges to his sentence, such arguments are deemed waived as Defendant may not raise issues in a second appeal that were not raised in the first. United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir. 1989).

Accordingly, and upon consideration, it is **RECOMMENDED** that Defendant's motion for leave to appeal in forma pauperis (Dkt. 46) be **DENIED**.

2

**Date: December 22, 2011**

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Defendant
District Judge